# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CUNEO, GILBERT & LaDUCA, LLP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-4061 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| CAROLINA CASUALTY INSURANCE, CO., ) | |
| and MONITOR LIABILITY MANAGERS, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Cuneo, Gilbert & LaDuca LLP ("Plaintiff") filed a three-count complaint against Carolina Casualty Insurance, Co. ("Carolina") and Monitor Liability Managers, LCC ("Monitor"). In its complaint, Plaintiff alleges that Carolina and Monitor ("Defendants") improperly denied insurance coverage for an underlying lawsuit filed by one of Plaintiff's former employees. Before the Court is Defendants' partial motion [34] to dismiss Count II of Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Defendant's motion in part and denies it in part [34].

## I. Background

The following facts are taken from Plaintiff's complaint and are accepted as true for the purposes of this motion. Plaintiff is a law firm with its principal place of business in Washington, D.C. Carolina is a Florida Corporation in the business of selling insurance across the United States including Illinois. Carolina is a subsidiary of the W.R. Berkley Corporation, a provider of commercial lines of property casualty insurance. Carolina issued an Employment Practices Liability Insurance Policy ("the Policy") to Plaintiff. Monitor is a Delaware

corporation and subsidiary of Berkley and operates as an underwriting management company with its principal office in Rolling Meadows, Illinois. Monitor participated in the decision to deny coverage for a claim submitted by Plaintiff under the policy.

On or about July 10, 2013, Plaintiff submitted an application to Carolina for an Employment Practices Liability Policy. In Plaintiff's application, Plaintiff informed Carolina that on May 8, 2012, Plaintiff's only New York employee had resigned from the firm and that on July 31, 2012, Plaintiff had closed its New York Office. Plaintiff informed Carolina that it was in negotiations with the employee, Preetpal Grewal, regarding her severance and that Plaintiff had retained counsel in that negotiation. Carolina issued an Employment Practices Liability Insurance Policy ("the Policy") to Plaintiff under policy No. 41189542 for the period of July 10, 2013 to July 10, 2014. The Policy's insuring agreement provides coverage for "all Loss arising from any claim first made against the Insureds during the Policy Period and reported to the Insurer in writing during the Policy Period or within 90 days thereafter, for any Wrongful Act." [1], Exh. 2.

On September 25, 2013, Grewal filed a complaint against Plaintiff and seven others in the United States District Court for the Southern District of New York. On September 27, 2013, Plaintiff tendered the Grewal lawsuit to the insurance broker who had obtained the Policy for the law firm who in turn, forwarded the pleading to Carolina for coverage under the Policy. The complaint was amended twice, on October 24, 2013 and December 20, 2013, seeking damages totaling at least $6 million for numerous claims including tort, employment discrimination, and breach of contract. See *Id.*, Exh. 4. The lawsuit is still pending. See [31]. On December 19, 2013, Monitor informed Plaintiff that Carolina was denying coverage for the claim under the Policy. On June 4, 2014, Plaintiff filed its complaint in this Court. In addition to seeking a

declaratory judgment of the Plaintiff's rights to coverage under the Policy (Count III), Plaintiff alleges breach of contract (Count I) and a violation of Section 155 of the Illinois Insurance Code, 215 ILCS 5/155(1) (Count II).

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

## III. Analysis

Defendant moves to dismiss Count II of Plaintiff's complaint pursuant to Rule 12(b)(6), arguing that Plaintiff fails to state a claim under Section 155 of the Illinois Insurance Code, 215

ILCS 5/155 and that Monitor is not a proper party under Section 155 and therefore should be dismissed from the case. The Court considers those arguments in order.

A. **Whether Plaintiff has Failed to State a Claim under 215 ILCS 5/155(1)**

First, Defendants argue that Count II of Plaintiff's complaint should be dismissed because Plaintiff failed to state a claim under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. Section 155 of the Illinois Insurance Code provides that

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.
>
> 215 ILCS 5/155(1).

Illinois courts have concluded that the mere denial of a claim does not constitute a violation of Section 155. See, *e.g.*, *Johnson Press of America, Inc. v. Northern Insur. Co. of New York*, 791 N.E. 2d 1291, 1300 (Ill. App. Ct. 2003). "[T]ime alone, nor any other single factor taken by itself, is not controlling in determining whether an insurer is guilty of vexatious delay in refusing to settle." *Dark v. U.S. Fid. & Guar. Co.*, 529 N.E.2d 662, 666 (Ill. App. Ct. 1988) (citation omitted). Rather, Illinois courts have held that "[t]o state a claim under section 155, an insured cannot merely allege that the insurer's conduct was vexatious and unreasonable, but she or he

must include a modicum of factual support." *McGee v. State Farm Fire & Cas. Co.*, 734 N.E. 2d 144, 151 (Ill. App. Ct. 2000); see *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 899 (Ill. 1996).

Here, Plaintiff has included sufficient factual allegations in the complaint to support a claim under Section 155. From the factual allegations contained in the complaint, the Court concludes that Defendants (1) took close to three months to send a letter to Plaintiff denying coverage, (2) made multiple requests for information from Plaintiff that was not reasonably needed to determine whether coverage existed, (3) relied upon shifting reasons for denying coverage. In particular, after receiving a December 19, 2013 letter from Plaintiff's counsel that the denial of coverage lacked merit, Monitor proceeded to request more information that Defendants had not previously sought. On January 9, 2014, Plaintiff responded to Monitor's request only to receive a letter the following day from Monitor that gave different reasons for why Defendants had denied Plaintiff coverage under the Policy. On January 10, 2014, Monitor suggested that the underlying lawsuit deal with a claim from November 15, 2012, *i.e.* a claim made before the Policy went into effect on July 10, 2013. Plaintiff maintains in its complaint that Grewal had not asserted a claim based on a wrongful act until she filed her lawsuit on September 25, 2013 and had only asserted a breach of contract claim with the firm to pay her incentive compensation. The assertions that Defendants delayed, made multiple requests for irrelevant information, and relied upon shifting reasons for denying coverage are not legal conclusions. They are facts, admittedly general ones, which the Court must accept as true. See *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) (citing *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010)).

Materials unearthed in discovery may very well undermine these factual allegations. For instance, discovery may show that three months is a reasonable amount of time to process a

claim under the Policy and/or comparable claims. Discovery may also show that in the course of investigating Plaintiff's claim, Defendants discovered additional, non-conflicting reasons to deny coverage. Defendants maintain that they have a "'*bona fide* defense' for [their] refusal to timely pay a claim," and that such a defense would preclude Section 155 liability. *Lexington Insur. Co. v. Horace Mann Insur. Co.*, ___ F. Supp. 3d. ___, 2016 WL 2977169 at *11 (citing *McGee*, 734 N.E. 2d at 151). Nevertheless, when ruling on a Rule 12(b)(6) motion, the Court can only use Plaintiff's complaint and the exhibits attached thereto. Staying within the bounds of Rule 12(b)(6), the allegations set forth in the complaint and supplemented by the exhibits are sufficiently specific and plausible to put Defendants on notice and state a claim under Section 155 of the Illinois Insurance Code.

### B.   Whether Monitor is a Proper Defendant for a 215 ILCS 5/155(1) Claim

Next, Defendants argue that Count II should be dismissed against Monitor because Section 155 only applies to claims against insurers. Plaintiff alleges that Monitor violated Section 155 when it investigated coverage for Ms. Grewal's claim. See [1], ¶¶ 59-61. Defendants argue that since Monitor did not issue the policy under which Plaintiff seeks coverage, Monitor is not a proper defendant under Section 155. Defendants further argue that, considering Count II is the only count directed at Monitor, the Court should dismiss Monitor as a defendant in the case.

Illinois law limits liability under Section 155 to insurers. See *Cramer*, 675 N.E.2d at 899 (concluding the statute was designed "to punish *insurers*") (emphasis added)); *Cummings Foods, Inc. v. Great Cent. Ins.,* 439 N.E.2d 37, 44 (Ill. App. Ct. 1982) (same). Plaintiff cites *Cramer*, 675 N.E.2d at 899, for the proposition that a non-insurer can be held liable under Section 155, but Plaintiff's reliance on *Cramer* is unavailing. In *Cramer*, the Illinois Supreme Court

6

considered whether Section 155 preempted a common law fraud cause of action against an insurance company and whether a provision of an insurance policy setting a one-year limit following the date of loss is applicable to a common law fraud claim. The Illinois Supreme Court did not consider whether a claims examiner can be liable under Section 155 of the Illinois Insurance Code.

The plain language of the statute suggests that only the company issuing the policy, *i.e.* the insurer, is liable. Section 155 applies "[i]n any action by or against a *company* wherein there is in issue the liability of a *company* on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim." 215 ILCS 5/155 (emphasis added). The Illinois Insurance Code defines "company" as "an insurance or surety company and shall be deemed to include a corporation, company, partnership, association, society, order, individual or aggregation of individuals engaging in or proposing or attempting to engage in any kind of insurance or surety business, including the exchanging of reciprocal or inter-insurance contracts between individuals, partnerships and corporations." 215 ILCS 5/2. Monitor did not issue the policy to Plaintiff; Carolina did. The Court does not construe Section 155 to apply to a claims examiner, only to the company issuing the insurance policy.

Other courts have come to similar conclusions. See, *e.g., Cummings Foods*, 439 N.E.2d at 44 (holding that the "evident purpose of section 155 was to provide an insured with the remedy against an insurer" and that the plaintiff's claim "requesting punitive damages against these noninsurers was properly dismissed"); see also *Savino Del Bene, Inc. v. Hartford Fin. Servs. Grp.*, 2012 WL 3961224 at *1 (N.D. Ill. Sept. 7, 2012) ("Illinois law is clear that liability under Section 155 is limited specifically to insurers") (citation omitted); *Gold Star Electronics v. Int'l Cargo Servs.*, 1985 WL 2703 at *1-2 (N.D. Ill. Sept. 26, 1985) (Section 155 is inapplicable

to insurance brokers because the Illinois Insurance Code defines "company" as an "insurance or surety company");   Furthermore, in dismissing Monitor, the Court does not prejudice Plaintiff because Plaintiff will still be entitled to pursue its requested relief against Carolina including its claim under Section 155.

Plaintiff requests that in the event the Court dismisses Monitor from Count II and thus from the case, that the Plaintiff be given leave to amend the complaint to allege tort claims against Monitor predicated on the unlawful manner in which Monitor allegedly dealt with Plaintiff's claim.  See [37] at 14.  The Court hereby grants Plaintiff leave to amend the complaint in that instance.

### IV.     Conclusion

For the reasons stated above, the Court grants in part and denies Defendants' motion in part [34].  The Court denies the motion [34] as to Plaintiff's motion to dismiss Count II as to Carolina, but grants the motion as to the dismissal of Monitor.  Plaintiff is given leave to amend the complaint to allege tort claims against Monitor if Plaintiff so chooses.

Dated: July 22, 2016                      _____
                                                      Robert M. Dow, Jr.
                                                      United States District Judge